## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**June 28, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 12-1461** (Wood County 10-F-243)

**Brent Radabaugh,**
**Defendant Below, Petitioner**

### MEMORANDUM DECISION

Petitioner Brent Radabaugh, by counsel George J. Cosenza, appeals his first degree murder conviction in the Circuit Court of Wood County on August 17, 2012. The State of West Virginia, by counsel Scott E. Johnson, has filed a response supporting the conviction.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Throughout the night of April 12, 2010, and into the early morning of April 13, 2010, the petitioner, Brent Radabaugh, and the victim, Rebecca Hoyler, used crack cocaine in the victim's home. Witness testimony established the two had a monetary dispute on the morning of April 13, 2010. Phone records and witness testimony indicated that both the petitioner and the victim were alive inside the victim's home at 1:16 p.m. on April 13, 2010. The petitioner was observed leaving the victim's home carrying a black garbage bag around 1:30 p.m. on April 13, 2010. Around 2:00 p.m., the petitioner was observed driving the victim's car, and wearing a different outfit than what he was wearing at 12:12 p.m. Also at 2:00 p.m., the victim stopped answering her phone and front door. The body of the victim was discovered around 5:00 p.m. in an upstairs bedroom, and a box of black garbage bags was found open in the kitchen. The petitioner attempted suicide around 6:00 p.m. After this attempt failed, the petitioner voluntarily met with the Parkersburg Police about 10:00 p.m., and denied taking the victim's car or having any involvement with the murder.

On September 10, 2010, the petitioner was indicted in the Circuit Court of Wood County, West Virginia, and charged with murder in the first degree. On August 17, 2012, after a bifurcated trial, the jury found the petitioner guilty of murder in the first degree and recommended mercy. On October 29, 2012, the petitioner was sentenced to a term of life with mercy. The petitioner now appeals his conviction.

The petitioner presents two assignments of error. First the petitioner alleges the circuit court erred by admitting a gruesome photo of the victim, exhibit 128, into evidence. Exhibit 128 is a close up shot of the victim with a significant amount of blood present.

This Court finds no error regarding the circuit court's admission of exhibit 128 into evidence. "A trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard." Syl. Pt. 4, *State v. Rodoussakis,* 204 W. Va. 58, 511 S.E.2d 469 (1998). More specifically, this Court has held:

> Rule 401 of the West Virginia Rules of Evidence requires the trial court to determine the relevancy of the exhibit on the basis of whether the photograph is probative as to a fact of consequence in the case. The trial court then must consider whether the probative value of the exhibit is substantially outweighed by the counterfactors listed in Rule 403 of the West Virginia Rules of Evidence. As to the balancing under Rule 403, the trial court enjoys broad discretion. The Rule 403 balancing test is essentially a matter of trial conduct, and the trial court's discretion will not be overturned absent a showing of clear abuse.

Syl. Pt. 10, *State v. Derr*, 192 W.Va. 165, 451 S.E.2d 731 (1994).

The petitioner asserts that exhibit 128 is cumulative evidence. The trial judge found that exhibit 128 depicted a broader area than other photos entered into evidence. We cannot say the trial judge abused his discretion.

The petitioner also argues, in admitting exhibit 128, that the trial judge failed to conduct a proper balancing test under Rule 403 of the West Virginia Rules of Evidence. However, the trial judge determined that the probative value of exhibit 128 was great enough to allow for its admission, and this Court cannot say the trial judge abused his discretion. The Court cannot say that this one picture prejudiced the jury more than any other, particularly since jurors in a murder case are likely to view photos of the crime scene.

Furthermore, any possible error regarding exhibit 128 is nothing more than a harmless error. The improper admission of a gruesome photo is not of constitutional stature, and, therefore, should be examined through the lens of *State v. Atkins.* In *Atkins* this Court held that where improper evidence of a nonconstitutional nature is introduced, the error is harmless if the State's case could have been proven beyond a reasonable doubt without the introduction of the improper evidence, and if the improper introduction had no prejudicial effect on the jury. Syl. Pt. 2, *State v. Atkins*, 163 W. Va. 502, 261 S.E.2d 55 (1979). The record establishes that, even with the exclusion of exhibit 128, the State proved its case beyond a reasonable doubt.

The petitioner's second argument is that the jury's verdict was against the manifest weight and sufficiency of the evidence. We disagree. The petitioner's claim is not only a blanket statement of error, lacking specifics, but it also lacks merit.

This Court has stated:

> A convicted defendant who presses a claim of evidentiary insufficiency faces an uphill climb. The defendant fails if the evidence presented, taken in the

light most agreeable to the prosecution, is adequate to permit a rational jury to find the essential elements of the offense of conviction beyond a reasonable doubt. Phrased another way, as long as the aggregate evidence justifies a judgment of conviction, other hypotheses more congenial to a finding of innocence need not be ruled out. We reverse only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*State v. LaRock*, 196 W.Va. 294, 303, 470 S.E.2d 613, 622 (1996).

This Court has also stated that "a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *State v. Guthrie*, 194 W. Va. 657, 663, 461 S.E.2d 163, 169 (1995). Furthermore, when this Court examines a petitioner's sufficiency of evidence claim, evidence "direct and circumstantial, must be viewed from the prosecutor's coign of vantage, and the viewer must accept all reasonable inferences from it that are consistent with the verdict." Syl. Pt. 2, in part, *State v. LaRock*, *supra*.

In this case, the jury found the defendant guilty based on the weight of circumstantial evidence. We have recognized that, "there is no qualitative difference between direct and circumstantial evidence." *Guthrie*, 194 W. Va. at 669, 461 S.E.2d at 175. Furthermore, "[i]f, on a trial for murder, the evidence is wholly circumstantial, but as to time, place, motive, means and conduct, it concurs in pointing to the accused as the perpetrator of the crime, he may properly be convicted." Syl. Pt. 1, *State v. Bailey*, 151 W. Va. 796, 155 S.E.2d 850 (1967) (citing *State v. Beale*, 104 W. Va. 617, 141 S.E. 7, 13 (1927)).

This Court finds that a rational trier of fact could have found the requisite elements of first-degree murder beyond a reasonable doubt. "The elements of first-degree murder are an unlawful killing of another human being with malice, premeditation, and deliberation." *State v. Browning*, 199 W. Va. 417, 420, 485 S.E.2d 1, 4 (1997).

The State proved the victim was killed by sharp force injuries directed to the face, neck, left arm, and right hand. The medical examiner determined the cause of death to be an unlawful killing. A phone call places the petitioner at the victim's home at 1:16 p.m. on April 13, 2010. A neighbor of the victim testified that she saw the petitioner leaving the home of the victim carrying a black garbage bag around 1:30 p.m. on April 13, 2010. At 2:00 p.m. the victim's brother came to the victim's house, and the victim did not answer the door. By 2:00 p.m. the victim had also stopped answering phone calls. Security camera evidence shows that the defendant changed clothes between 12:12 p.m. and 1:59 p.m. on April 13. The petitioner was also seen driving the victim's car after 2:00 p.m. on April 13. Finally, the State presented evidence that the petitioner had a guilty conscience, as the officer questioning the petitioner on the night of April 13 stated the petitioner appeared "very nervous." To further show a guilty conscience, the State presented testimony that the petitioner attempted suicide on the evening of April 13. Concerning motive, the State presented evidence that the victim and the petitioner were involved in a monetary dispute on the morning of April 13, 2010. On this evidence, a reasonable jury could have concluded that the petitioner killed the victim.

3

"A jury may infer malice and intent to kill from the use of a deadly weapon in circumstances not affording the defendant excuse, provocation, or justification." *State v. Browning*, 199 W. Va. 417, 421, 485 S.E.2d 1, 5 (1997). Furthermore, malice can be shown via "evidence of ill will or a source of antagonism between the defendant and the decedent." *State v. Evans*, 172 W. Va. 810, 813, 310 S.E.2d 877, 879 (1983). Here, the State presented evidence that the killing was done with a bladed instrument, and that the victim and the petitioner were involved in an ongoing argument over finances.

The duration period for premeditation and deliberation is not a fixed time. This Court has stated, "[a]ny interval of time between the forming of the intent to kill and the execution of that intent, which is of sufficient duration for the accused to be fully conscious of what he intended, is sufficient to support a conviction for first degree murder." Syl. Pt. 2, *State v. Guthrie*, *supra*. Furthermore, "deliberation can be properly inferred from the intentional use of a deadly weapon." *State v. Daniel*, 182 W. Va. 643, 649, 391 S.E.2d 90, 96 (1990). In this case, the State showed that the victim was stabbed at least seventeen times.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: June 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4